UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Cr. No. 21-cr-431-2 (RDM) |
| RAQUEL DEPAULA : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE AND**
**MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its undersigned attorneys, hereby provides the Court with its motion for a downward departure and memorandum in aid of sentencing. Because the Defendant Raquel DePaula ("defendant" or "DePaula") provided substantial assistance to the United States – specifically, by testifying at trial against co-defendant Vincent Forrest and playing an important role in his conviction – the government respectfully moves for a departure pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5K1.1. Based on the government's U.S.S.G. § 5K1.1 motion and considering the factors set forth in Title 18, United States Code, Section 3553(a), the government recommends a sentence of 8 months' imprisonment.

I.   **Background**

   A.  **Procedural History**

On June 24, 2021, the government charged the defendant and co-defendant Vincent Forrest in a four-count indictment alleging:

- Count 1: Conspiracy to Commit Bribery of Public Official in violation of 18 U.S.C. § 371;
- Count 2: Bribery of Public Official in violation of 18 U.S.C. § 201(b)(1)(C);
- Count 3: Bribery in violation of 18 U.S.C. § 201(b)(2)(C); and
- Count 4: Making a False Statement in violation of 18 U.S.C. § 1001.

1

The defendant was charged with Counts 1 and 2.

The defendant has provided the government with substantial cooperation. On August 18, 2021, approximately eight weeks after her arrest, the defendant participated in the first of numerous debriefs with the government. The defendant promptly accepted the government's plea offer, signing plea paperwork on September 14, 2021. On October 6, 2021, the defendant pled guilty to Count 2 of the indictment. DePaula debriefed again with the government on December 29, 2023, and on January 3, 2024, providing additional details regarding the bribery scheme with co-defendant Forrest and fully cooperating with the government. On January 8, 2024, the defendant testified for several hours during the government's case-in-chief against co-defendant Forrest. On January 11, 2024, a jury convicted co-defendant Forrest on Counts 1, 3, and 4 of the indictment.

### B. The Defendant's Criminal Conduct

Because the defendant agreed to a statement of offense at her plea hearing and testified extensively at co-defendant Forrest's trial about her role in the bribery scheme, the government provides only a brief summary here. From approximately February 2018 through August 2019, DePaula paid mostly cash bribes to two Washington, D.C. Metropolitan Police Department ("MPD") officers, Walter Lee and Vincent Forrest. In exchange, Lee and Forrest sent the defendant confidential information from an MPD database that contained MPD Traffic Crash Reports, which memorialized information about individuals involved in traffic crashes in the District of Columbia, including their names, addresses, telephone numbers, and other identifying information. The defendant was a "runner" who would then solicit these individuals soon after an accident on behalf of personal injury lawyers, in violation of D.C. law prohibiting such practices within 21 days of an accident. The officers, in turn, violated MPD General Orders by sending DePaula confidential information about traffic accident victims.

2

At co-defendant Forrest's trial, the defendant testified that she paid him approximately $600 – $1,300 per week between April through August 2019 to send her names and contact information for approximately 25 traffic accident victims weekly.  Co-defendant Forrest sent the defendant confidential information about the traffic accident victims via WhatsApp.  Defendant's trial testimony recounted conversations and walked through numerous text messages exchanged with co-defendant Forrest to help convince the jury that both defendants intended to commit the crimes of conspiracy and bribery, helping put to rest any potential doubt regarding co-defendant Forrest's culpability.  In sum, between April 14, 2019, and August 17, 2019, co-defendant Forrest provided the defendant names and contact information for 2,667 victims in exchange for well over $15,000 in cash bribes paid by the defendant.

II. **Sentencing Guidelines**

 A. **Imprisonment Range**

The Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Gall*, 552 U.S. 38, 49 (2007).  The Presentence Investigative Report ("PSR") calculations largely mirror the guidelines calculations agreed upon by the parties in the defendant's plea agreement – save one conviction the defendant acquired in 2019.

The Government agrees with the PSR's calculation of the total offense level under the advisory sentencing guidelines as follows:

| U.S.S.G. Section | Levels | Justification |
| --- | --- | --- |
| 2C1.1(a)(2) | 12 | Base Offense Level for offense involving offering, giving, soliciting, or receiving a bribe |
| 2C1.1(b)(1) | 2 | More than one bribe |
| 2B1.1(b)(1)(C) and 2C1.1(b)(2) | 4 | Value of bribes more than $15,000 but less than $40,000 |

3

| 3E1.1(a) and (b) | -3 | Acceptance of responsibility |
|---|---|---|
| TOTAL OFFENSE LEVEL | 15 | |

The Defendant pleaded guilty and has been sentenced for two separate convictions involving driving under the influence ("DUI"): (1) in April 2019, she was sentenced to 60 days execution of sentence suspended ("ESS") as to all in Prince George's ("PG") County, and (2) in March 2023 – after she pleaded in the instant bribery case – she was sentenced to 180 days ESS as to all but 12 days in D.C. Superior Court. Because the 2019 PG County DUI conviction had been suspended, it was not included in the defendant's criminal history calculation by the government for purposes of the plea agreement. The PSR is likely correct, however, that both DUI convictions should be scored at one point each, for a total of two criminal history points, placing the defendant in Criminal History Category II.

Based upon a Total Offense Level of 15 and a Criminal History Category of I – consistent with the plea agreement between the parties – the guideline imprisonment range is 18 – 24 months. Applying instead Criminal History Category II, as calculated in the PSR, the guideline imprisonment range is 21 – 27 months – three months higher on both ends of the range. The government's sentencing recommendation is well below either imprisonment range.

**B. Forfeiture**

Additionally, as part of her plea agreement, the defendant agreed to entry of a forfeiture money judgment of $15,001.00. This represents the minimum amount of cash bribes that the defendant paid to co-defendant Forrest, which the Government could prove beyond a reasonable doubt if this case were to proceed to a trial. The Government will file a consent order of forfeiture before the sentencing hearing.

**III.     Downward Departure under Section 5K1.1 of the Guidelines**

The government moves for a downward departure under Section 5K1.1 of the Guidelines based on the defendant's substantial assistance in the investigation and prosecution of others. The government respectfully recommends – based on the defendant's substantial cooperation in this matter, which contributed to the conviction of a co-conspirator at trial – that she be sentenced to 8 months' imprisonment, a 66% downward departure from the top of the guidelines range (24 months).

The defendant debriefed with the government several times between her arrest and sentencing, with the first debrief occurring approximately eight weeks after her arrest. In addition to accepting responsibility for her own conduct, the defendant provided information regarding co-defendant Forrest, including providing previously unknown details about the nature and execution of the bribery scheme she and Forrest concocted. The defendant also provided information about other potential criminal conduct outside the scope of the instant case, including providing names of other "runners" and MPD officials. Importantly, the defendant testified at trial against co-defendant Forrest, explaining how the "runner" industry operated illegally and fleshing out in detail the bribery scheme implemented by her and Forrest. In particular, the defendant walked the jury through how she had implemented a similar bribery scheme with former MPD Officer Walter Lee, recounted in detail conversations she had with Forrest regarding their agreement that he would provide confidential accident victim information in exchange for cash, and explained text messages she and Forrest exchanged regarding the sale of confidential MPD information in exchange for bribes, thereby violating his official duties. Defendant's cooperation proved valuable to the government's efforts to convict co-defendant Forrest at trial and hold a public official accountable for betraying the trust the public placed in him to enforce the law.

Because of defendant's substantial contributions, the government moves for a 66% downward departure from the top of the guidelines range (24 months) for a sentence of 8 months' imprisonment.

### IV.   The Factors for Consideration Under 18 U.S.C. § 3553(a)

The goal of sentencing is to impose a sentence that is "sufficient, but not greater than necessary."  18 U.S.C. § 3553(a).  To determine such a sentence, the Court, after accurately calculating the defendant's advisory Guidelines range, must consider the factors set forth in § 3553(a).  *See Gall,* 552 U.S. at 49-50.  These factors include the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to promote respect for the law and adequate deterrence.  18 U.S.C. § 3553(a).  Here, the § 3553(a) factors and the defendant's cooperation support a sentence of 8 months' imprisonment.

The defendant's crime was damaging and extended over a relatively lengthy period of time – specifically for approximately 18 months.  By participating in this criminal scheme, the defendant convinced two former MPD officers to sidestep MPD policies intended to protect the identities of traffic crash victims and prevent the solicitation of these individuals soon after an accident and in violation of DC law.  Further aggravating the seriousness of the offense and illustrating the defendant's corrupt intent is the fact that she bribed not just one but two former MPD officers.

The defendant's crime was also serious.  Her bribery was directed at intruding on and providing confidential information held by MPD, an important local government institution responsible for protecting the public from crime, not facilitating it.  The defendant's bribery also thwarted a policy aimed at keeping the personal information of traffic accident victims out of the hands of individuals who sought to solicit victims based on their circumstances.  It is exceedingly

serious that the defendant essentially put two former MPD officers on a secret payroll for the specific purpose of obtaining confidential information that DC law had specifically barred from being released.

For the same reasons, however, the assistance of a cooperating defendant like DePaula can greatly assist the government in understanding and establishing the details of corruption schemes that would otherwise be unknowable. Such information can strengthen the government's case against co-conspirators and assist law enforcement in detecting and deterring such schemes in the future. As discussed above, both are true in DePaula's case. The nature and circumstances of such an offense therefore supports a term of imprisonment of 8 months.

Finally, a sentence of 8 months' imprisonment in this case would promote respect for the law and provide adequate general deterrence against corruption. *See, e.g.*, *United States v. Kuhlman*, 711 F.3d 1321, 1328 (11th Cir. 2013) (noting that "an important goal of sentencing in a white-collar crime prosecution" is "the need for general deterrence"); *United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it."); *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." (internal quotation marks omitted)); *United States v. Mueffelman*, 470 F.3d 33, 40 (1st Cir. 2006) (deterrence of white-collar crime is "of central concern to Congress"); *see also United States v. Morgan*, 2015 WL 6773933, 635 Fed. Appx. 423, 450-51 (10th Cir. Nov. 6, 2015) (emphasizing the importance of general deterrence in public corruption cases, especially those involving elected officials (which this case

admittedly does not involve)). The defendant's participation in this bribery scheme betrays MPD's, along with other local government institutions', vulnerability to corruption. That vulnerability can be reduced through adequate general deterrence. It is important to the public welfare that public officials susceptible to corruption understand the seriousness of criminal violations of the public trust and know that such offenses will be met with significant punishment. Likewise, the public should have confidence that the criminal justice system will protect its public institutions by holding those who set out to corrupt public officials appropriately accountable. Imposing a sentence of 8 months' imprisonment will achieve those aims, promoting respect for the law and deterring similar crimes.

## CONCLUSION

The government respectfully submits this motion for a downward departure and memorandum in aid of the Court's sentencing of the defendant, who was found guilty of one count of Bribery of Public Official.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
for the District of Columbia

By: /s/ Madhu Chugh
Joshua S. Rothstein
N.Y. Bar Number 4453759
Madhu Chugh
D.C. Bar Number 992122
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539
Office: 202-815-8609
Madhu.Chugh@usdoj.gov