UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 21-cr-00431 (2) (RDM) |
| RAQUEL DePAULA,<br>    Defendant. | |

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

COMES NOW the defendant, Raquel DePaula, by and through undersigned counsel and respectfully submits this Memorandum in Aid of Sentencing. Ms. DePaula respectfully asks the Court for sentence mitigation based on her:

- prompt acceptance of responsibility;

- good conduct while on extended pretrial supervision;

- cooperation with government law enforcement and prosecutors;

- trial testimony as a government-witness against a co-defendant; and,

- family obligations, specifically the schooling of her young child; as well as,

other factors that may be discussed at the scheduled sentencing hearing. Ms. DePaula asks the Court to impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes and reject imposition of any period of incarceration. 18 U.S.C. §3553(a).

*Government's Sentence Memorandum & U.S.S.G. §5K Downward Motion*

Clearly, Ms. DePaula's sentence consideration centers on her acceptance of responsibility for her criminal conduct, and her early, extensive, and substantial assistance culminating with her government-sponsored trial testimony against a co-defendant.  The government clearly argues in their sentencing memorandum – and, without reservation – that Ms. DePaula provided substantial assistance and warrants sentence mitigation significantly below sentencing guideline offense level recommendations.  See  Gov. Sentence Memorandum, ECF 129, p.2.

Ms. DePaula's acceptance of responsibility and substantial assistance to law enforcement and prosecutors began soon after she was arrested.  Within a matter of weeks after her arrest in August of 2021, she negotiated and agreed to a cooperation plea agreement.  Thereafter, she signed her plea agreement and accepted the plea agreement in open-court on October 6, 2021.  *Id*.  The record reflects that she quickly accepted responsibility for her conduct, however, she did not stop there.  She also agreed to cooperate with the government.

Ms. DePaula's cooperation and availability for the government's prosecution of co-defendant Vincent Forrest continued through and up to the trial against Forrest, with further debriefings taking place prior to the trial – in December of 2023 and January of 2024.  *Id*.  Since 2021, Ms. DePaula also provided the government with information about other potential criminal conduct outside the scope of the instant

case, including providing names of other "runners" and officials within the Metropolitan Police Department.

Ms. DePaula provided substantial assistance by the information she shared, by an absence of minimization of responsibility, by an unvarnished evaluation of the conduct of others, and more significantly, by her public trial testimony which resulted in a guilty verdict against a co-defendant. The Court was witness to the impact of Ms. DePaula's effort as she testified in open court.

While the government evaluation of Ms. DePaula's cooperation is accurate, the defense disagrees with the government recommendation of an 8-month term of incarceration. The government prison recommendation should not focus – as a starting point – on the "high-end" of the guideline range, but rather begin the downward reduction from the low-end of the range, at 18-months – based upon a Total Offense Level of 15, at a Criminal History Category of I, referencing a guideline imprisonment range of 18-24 months. Gov. Sentence Memorandum, ECF 129, p.5.

Moreover, pursuant to 18 U.S.C. §3553(a) factors, and as set forth below, Ms. DePaula warrants that a substantial downward variance in the sentence guideline levels is proper – a reduction that eliminates the need for incarceration when measured against all sentencing factors, whether recommended sentence guidelines or statutory factors.

*Family – Young Daughter*

While "substantial assistance" is a large component in considering Ms. DePaula's final sentence, and sentence mitigation, §3553(a) factors also warrant

3

consideration, mitigation, and elimination of any consideration of incarceration. The most significant factor for Ms. DePaula is her family, and the need for her uninterrupted physical presence for her young daughter. Quite simply, any term of incarceration would be of greater harm for Ms. DePaula's young daughter than for herself.

As set forth in the Presentence Report (PSR), Ms. DePaula is the primary parent and caregiver for her daughter. Sadly, the daughter's father is not a part of the support structure for the child. Factors such as education, home environment, clothing, medical care, and sustenance all fall to Ms. DePaula. In the midst of Ms. DePaula's criminal case, her cooperation, and most recently her testimony, she was also tending to her daughter's schooling and care. For more than two and a half years Ms. DePaula has raised a young daughter while complying with her court imposed conditions of release.

While Ms. DePaula is the parent, she accomplishes her parental duties with the assistance of her father and his home, as well as her sister's support. Her father offers assistance as much as he can, however, he is elderly and has medical issues. Ms. DePaula's sister is also part of the family home unit. While confined to a wheelchair, her sister has not limited herself and is striving to begin a cosmetics business that is assisted by Ms. DePaula. Although that tasks seem daunting, the family has grown together for the benefit of all. At the core of this unit is Ms. DePaula's daughter, and the need to keep her in a supportive family unit with a

consistent school environment. Ms. DePaula's incarceration would seriously impact the child's home and well-being.

*Pre-Sentence Investigation/Report & Sentencing Guidelines*

Ms. DePaula finds no errors and does not object to the findings and conclusions in the PSR. However, the following comments/arguments on the guidelines are offered for the Court's consideration.

While not disputing the Criminal History Category calculations, Ms. DePaula respectfully requests that the Court consider her as a "Zero-Point" offender. Pursuant to the PSR, she does not fulfill the criteria for a two-level downward adjustment under U.S.S.G. §4C1.1. However, Ms. DePaula asks for the Court's consideration given the recent amendment to the U.S. Sentencing Guidelines. The newly enacted "Zero-Point" provision found at Guideline §4C1.1(a)(1)-(10) and (b) recognizes a continuing trend in sentence recommendation; specifically, *a trend focusing on alternatives to incarceration*.

Notably, 28 U.S.C. §994(j) requires the U.S. Sentencing Commission to ensure that certain persons who commit non-serious offenses generally receive non-custodial sentences. Furthermore, the Commission is obligated, pursuant to §994(g) to "minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons."[1] These obligations call for, and with the newly enacted "Zero-

---

[1] See U.S. Dept. of Justice, *FY 2022 Performance Budget: Congressional Submission Federal Prison System Buildings and Facilities* 1–2 (2022), https://www.justice.gov/jmd/page/file/1398296/download ("Although the inmate population has been declining in recent years, as of March 25, 2021, there were 152,097 individuals serving time in federal prisons. . . .The

5

Point Offender" provision have resulted in, lower sentencing ranges and consideration of alternatives to incarceration. Ms. DePaula asks the Court for such consideration.

Comments to the zero-point offender amendment highlight a *presumption* of non-incarceration, or reduced incarceration, for persons who are "first offenders who ha[ve] not been convicted of a crime of violence or otherwise serious offense."[2] Ms. DePaula respectfully asks the Court to recognize this trend and begin her sentencing analysis with a presumption against incarceration. Such an approach would better respect §994(j), promote the purposes of sentencing, and reflect "advancements of knowledge of human behavior," as required by 28 U.S.C. §991(b)(1), from the Commission's own recidivism studies.

Finally, it is further noted that the U.S. Probation Officer found no act by Ms. DePaula to obstruct nor impede justice. PSR, p.19¶87.

*Forfeiture & Waiver of Fine*

Ms. DePaula respectfully requests that the Court waive imposition of a fine as it would result in an undue monetary burden given her family obligations. It is also

---

BOP faces challenges in managing the existing federal inmate population and providing for inmates' care and safety in crowded conditions at higher security levels, as well as the safety of BOP staff and surrounding communities, within budgeted levels.").

[2] See 28 U.S.C. §994(j). This presumption was proposed, but not adopted in 2017. *Compare* 82 Fed. Reg. 40651-01, 40657, 2017 WL 3635792 (Aug. 25, 2017) (proposing that "the court ordinarily should impose a sentence other than a sentence of imprisonment" for a "first offender"), with U.S.S.G. § 5C1.1 cmt. n.4.

noted that Ms. DePaula will have a financial penalty for her conduct, a penalty in the form of a forfeiture order that will be imposed consistent with the plea agreement and by order of the Court. The forfeiture order will be in the amount of a $15,001.00 money judgment. See Plea Agreement, p.9¶12 ; see also PSR "Financial Condition: Ability to Pay", p.31¶158.

*Bureau of Prisons Designation Recommendation*

Ms. DePaula respectfully requests that should the Court consider imposition of any period of incarceration, that the Court allow for voluntary surrender at a date certain to allow for the care/schooling of her daughter.

CONCLUSION

Ms. DePaula respectfully asks the Court for sentence mitigation based on the factors discussed above, with emphasis on her acceptance of responsibility, her good conduct while on extended pretrial supervision, her cooperation with government law enforcement and prosecutors, her trial testimony as a government witness against a co-defendant; and, her significant family obligations, specifically the schooling of her young child. She asks that the Court impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes and reject imposition of any period of incarceration. 18 U.S.C. § 3553(a). Rather, a sentence absent prison would be appropriate as Ms. DePaula has shown herself to be worthy of such a sentence for the past 31-months of supervised release.

Filed: March 25, 2024.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.
Defense Counsel for Defendant

_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Avenue, NW, Ste. 900
Washington, D.C.  20001
202-450-6119
MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was served by ECF, on this 25th day of March 2024, on all counsel or parties of record on the service list.

_____
Manuel J. Retureta, Esq.